IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3028-D

| | |
|---|---|
| DEMETRIS MCNEILL, ) ) Plaintiff, ) ) v. ) ) GEORGE T. SOLOMON, et al., ) ) Defendants. ) ) | **ORDER** |

On February 1, 2017, Demetris McNeill ("McNeill" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a motion for a temporary restraining order [D.E. 2, 5, 9]. On February 10, 2017, in response to a court order directing him to do so [D.E. 3], McNeill filed a form complaint [D.E. 4]. On August 3, 2017, the court reviewed all of McNeill's filings, denied several motions, dismissed several claims and defendants, allowed McNeill to proceed with his due-process claims concerning his custody transfers and his First Amendment claim concerning the confiscation of his religious head gear against defendant Rodgers, and directed McNeill to file an amended complaint to name defendants concerning his Eighth Amendment claim arising out of a use of force against him [D.E. 22]. On August 21, 2017, McNeill filed an amended complaint naming correctional officers Wielgosz, McCrae, and Preston in connection with the use of force incident. [D.E. 25] 3, 6.

McNeill also moves for reconsideration of the court's order denying his motion for a temporary restraining order and dismissing his due-process claim against prison superintendent Hamlin [D.E. 26]. The court has considered the motion under the governing standard. See Fed. R.

Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). McNeill has not presented any argument warranting reconsideration of his motion for a temporary restraining order. However, the court will allow McNeill to proceed with his due-process claim against Hamlin. Finally, to the extent McNeill seeks assistance of counsel to interview witnesses, "get my evidence and statements etc." and subpoena witnesses for trial, [D.E. 26-1] 1, the court appoints North Carolina Prisoner Legal Services, Inc. ("NCPLS") to assist McNeill with conducting discovery after the remaining defendants have been served with the complaint and the court has issued a scheduling order providing for a period of discovery. See Standing Order 17-SO-03.

In sum, the court GRANTS IN PART McNeill's motion for reconsideration [D.E. 26]. McNeill may proceed with his due-process claims concerning his custody transfers against defendants Rodgers and Hamlin, his First Amendment claim concerning the confiscation of his religious head gear against defendant Rodgers, and his Eighth Amendment claim concerning a use of force incident against defendants Wielgosz, McCrae, and Preston. The court DISMISSES all other claims and defendants. The court further ORDERS as follows:

1. The clerk shall manage the action pursuant to Standing Order 14-SO-02.

2. If service on any defendant pursuant to the Standing Order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

3. The court appoints NCPLS to assist plaintiff with conducting discovery after the remaining defendants have been served with the complaint and the court has issued a scheduling order providing for a period of discovery. See Standing Order 17-SO-03.

SO ORDERED. This 6 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge